UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARVEY PRESTON,

        Petitioner,        Case No. 4:22-cv-12852
                                    Hon. Shalina D. Kumar

v.

MIKE BURGESS,

        Respondent.
_____/

**ORDER TRANSFERRING SUCCESSIVE HABEAS PETITION TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

I.

Before the court is Michigan inmate Harvey Preston's petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This is at least Preston's eighth habeas petition challenging his state court convictions. Petitioner is informed again that he requires authorization from the court of appeals before filing a successive habeas petition. *See* 28 U.S.C. § 2244(b)(3). The case will therefore be transferred to the Sixth Circuit. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

II.

Petitioner is serving a lengthy prison sentence as a result of his 2010 Oakland Circuit Court convictions for carjacking, first-degree home

1

invasion, unarmed robbery, and second-degree criminal sexual conduct. The convictions were affirmed on appeal. *See People v. Preston*, No. 298796, 2012 WL 5853223 (Mich. Ct. App. Oct. 30, 2012), *leave denied*, 829 N.W.2d 225 (Mich. 2013).

Petitioner has filed at least seven prior federal habeas cases challenging his convictions. *See Preston v. Gidley*, No. 14-10606, 2017 WL 4572336 (E.D. Mich. Oct. 12, 2017) (habeas relief denied on merits); *Preston v. Parish*, No. 20-11670, 2020 U.S. Dist. LEXIS 120741 (E.D. Mich. July 8, 2020) (successive petition transferred to Sixth Circuit); *Preston v. Davids*, No. 20-13398, 2021 WL 640919 (E.D. Mich. Jan. 14, 2021) (same); *Preston v. Burgess*, No. 22-11242, 2022 U.S. Dist. LEXIS 138275 (E.D. Mich., Aug. 3, 2022); *Preston v. Burgess*, 2022 U.S. Dist. LEXIS 146514, 2022 WL 3370771 (E.D. Mich. Aug. 16, 2022) (same); *Preston v. Burgess*, No. 22-12451 (E.D. Mich. Oct. 25, 2022) (same); *Preston v. Burgess*, No. 21-12196, 2022 U.S. Dist. LEXIS 202375 (E.D. Mich. Nov. 7, 2022) (same).

Additionally, the Sixth Circuit denied Preston permission to file successive § 2254 petitions numerous times. *See In re Preston*, No. 18-1847, 2018 U.S. App. LEXIS 33214 (6th Cir. Nov. 26, 2018); *In re Preston*, No. 20-1641, 2020 U.S. App. LEXIS 38258 (6th Cir. Dec. 8, 2020); *In re*

*Preston*, No. 21-1071, 2021 U.S. App. LEXIS 14091 (6th Cir. May 12, 2021); *In re Preston*, No. 21-2620, 2021 U.S. App. LEXIS 28973 (6th Cir. Sept. 23, 2021).

III.

The Court does not have jurisdiction to entertain a successive habeas petition absent authorization from the Court of Appeals. *See Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3)). An individual seeking to file a successive habeas petition must first ask the appropriate court of appeals for an order of authorization to file a successive petition. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Felker v. Turpin*, 518 U.S. 651, 664 (1996). When a habeas petitioner files a successive petition for habeas corpus relief directly in the district court without first obtaining authorization under § 2244(b)(3)(A), the district court must transfer the case to the court of appeals. *See Sims*, 111 F.3d at 47; 28 U.S.C. § 1631.

IV.

Accordingly, it is **ORDERED** that the Clerk shall transfer the petition to the United States Court of Appeals for the Sixth Circuit.

s/Shalina D. Kumar  
Shalina D. Kumar  
United States District Judge

Date: February 21, 2023

3